IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **MERITAN, INC. as sponsor of SENIOR SERVICES PENSION PLAN, SENIOR SERVICES PENSION PLAN, and GENERUS STEPPING STONES, INC.,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| v. ) | No. 08-2757-STA-dkv |
| ) | |
| **REGIONS BANK d/b/a/ REGIONS MORGAN KEEGAN TRUST,** )<br>)<br>) | |
| **Defendants.** ) | |

_____

**ORDER GRANTING IN PART, DENYING IN PART MOTION TO DISMISS**
_____

Before the Court is Defendant Regions Bank's Motion to Dismiss (D.E. # 13) filed on January 22, 2009. Plaintiffs have responded in opposition. For the reasons set forth below, the Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

Plaintiffs' Amended Complaint alleges counts of common law misrepresentation (Count I), fiduciary breach (Count II), negligence (Count III), violation of the Tennessee Consumer Protection Act ("TCPA") (Count IV), violation of the Tennessee Securities Act ("TSA") (Count V), and violation of the Employee Retirement Income Act of 1974 ("ERISA") (Count VI). Plaintiff Meritan, Inc. ("Meritan") is a non-profit organization with its principal place of business in Memphis, Tennessee. Am. Compl. ¶ 1. Meritan is the sponsor of Plaintiff Senior Services Pension Plan ("Pension Plan"), an employee benefit plan established for the benefit of

1

Meritan's employees pursuant to ERISA. *Id*. Plaintiff Generus Stepping Stones, Inc. ("Generus") is a non-profit corporation with its principal place of business in Mississippi and is affiliated with Meritan. *Id*. at ¶ 2. Defendant Regions Bank d/b/a Regions Morgan Keegan Trust ("Regions Trust") is a national bank with its principal place of business in Birmingham, Alabama. *Id*. at ¶ 3.

According to Plaintiffs, Meritan and Generus are related charitable organizations providing services to senior citizens. *Id*. at ¶ 6. In September 2003, Meritan and the Pension Plan began to employ the services of Regions Trust to act as trustee of the Pension Plan and to provide investment advice and services to the Pension Plan. *Id*. at ¶ 7. David Franks was, at all material times, the officer of Regions Trust who primarily dealt with and advised plaintiffs. *Id*. Plaintiffs allege that Meritan stated to Regions Trust that it could not afford to lose the assets in the Pension Plan. *Id*. at ¶ 8. The Pension Plan is a defined benefit plan that is legally required to have a certain portion of its obligations secured by existing assets. *Id*. In the event the Pension Plan loses assets, Meritan may be required to divert assets from charitable services to cover shortfalls in the Pension Plan. *Id*.

At the recommendation of representatives of Regions Trust, the Pension Plan invested $2 million in January 2004 in two mutual funds run by an asset management company affiliated with Regions Trust: the Regions Morgan Keegan Select High Income Fund and the Regions Morgan Keegan Intermediate Fund ("the Funds"). *Id*. at ¶ 9. Plaintiffs allege that Region Trust's recommendations that the Pension Plan invest $2 million in the Funds was negligent and reckless. *Id*. at ¶ 11. According to Plaintiffs, the Funds were extraordinarily risky and not

2

suitable for the Pension Plan, particularly in such a large investment amount ($2 million represented approximately 28% of the total assets of the Pension Plan in January 2004). *Id*. Plaintiffs further contend that Regions Trust failed to disclose these risks and other problems with the Funds. *Id*.[1] Similarly, upon Defendant's recommendation, Generus invested approximately $93,000 in the Intermediate Fund in 2006-2007 without Defendant's full disclosure of the unsuitable risks. *Id*. at ¶ 13.

Plaintiffs allege that in mid-August 2007, the Funds made SEC filings disclosing that they had asset liquidity problems and difficulty in obtaining realistic values for some of the Funds' securities. *Id*. at ¶ 16. These SEC filings also stated that the Funds were unable to file certified shareholder reports on a timely basis and had retained a valuation consultant to assist in determining the fair value of the Funds' securities. *Id*. According to Plaintiff, Defendant never advised them of these problems. *Id*. The SEC filings did, however, lead to a rapid decline in the value of the Funds. *Id*. at ¶ 17. In response to the falling share price of the Funds, Franks sent an email to Meritan stating that Defendant decided to "exit" the Funds and blamed the loss in value on sub-prime mortgage fears characterizing it as "guilt by association on the street." *Id*. Plaintiffs contend that the email was misleading in that Defendant had not sold Plaintiffs' entire position in the Funds and it under-represented the Funds' holdings in sub-prime mortgages. *Id*. at ¶¶ 18-19. As the Funds continued to lose value, Defendant sold more of the Pension Plan's shares in October and November 2007. *Id*. at ¶ 20. By that point, the Pension Plan had losses

---

[1] For example, among the risks of which Plaintiffs complain are unusually heavy investment (as compared to other income funds) in complex novel "investment structures as to which data was very difficult to obtain, the risk and fair value of which were extremely difficult to assess, and which had never been tested in a down market cycle" including sub-prime mortgages. *Id*. at ¶¶ 14(a)-(i).

totaling $1.5 million. *Id*. Defendant likewise sold Generus' shares in the Intermediate Fund on November 30, 2007, at a substantial loss. *Id*. Plaintiffs allege that the Funds to-date have lost 90% of their value, underperforming other similar mutual funds in the high income bond category. *Id*. at ¶ 21.

Plaintiffs have asserted several causes of action arising from their dealings with Defendant. First, Plaintiffs allege that Defendant is liable for misrepresentation to all Plaintiffs for which Plaintiffs are entitled to the recovery of their losses plus interest and punitive damages. *Id*. at ¶¶ 22-26. Second, Plaintiffs allege that Defendant is liable for breach of the fiduciary duties of reasonable diligence, honesty, and good faith. *Id*. at ¶¶ 27-31. Third, Plaintiffs allege that Defendant is liable for negligence for breach of its professional duty to exercise care in handling Plaintiffs' investments. *Id*. at ¶¶ 32-36. Fourth, Plaintiffs allege that Defendant is liable for violation of the TCPA by virtue of unfair trade and commercial practices. *Id*. at ¶¶ 37-40. Fifth, Plaintiffs allege that Defendant is liable for violation of the Tennessee Securities Act by engaging in prohibited practices in connection with the offer and sale of securities. *Id*. at ¶¶ 41-45. Finally, Meritan and the Pension Plan allege that Defendant is liable for violation of ERISA, specifically breach of its fiduciary duties imposed by ERISA § 404, 29 U.S.C. § 1104(a). *Id*. at ¶¶ 46-50. As relief Plaintiffs seek in part compensatory damages, punitive damages, and trial by jury.

Defendant filed the instant Motion to Dismiss seeking dismissal of Counts I through IV of Plaintiffs' Amended Complaint: the common law counts of misrepresentation, breach of fiduciary duty, and negligence, and the TCPA count. Defendant has also moved to strike Plaintiffs' demand for a jury. With respect to the common law counts, Defendant argues that

ERISA preempts all of Plaintiff's common law counts and the TCPA count. Defendant characterizes Plaintiffs' state law claims as the type of alternative enforcement mechanism preempted by ERISA. Defendant cites a Sixth Circuit case in which a plaintiff's state law claims against a third-party administrator of an ERISA plan were preempted. Defendant further asks the Court to strike Plaintiffs' prayer for extracontractual, compensatory, and punitive damages, the recovery of which is not permitted under ERISA. Defendant finally contends that Plaintiffs have no right to a jury trial for claims pursuant to ERISA or any claim that ERISA preempts. Therefore, Defendant seeks partial dismissal of the Amended Complaint.

Plaintiffs have responded in opposition to Defendant's Motion to Dismiss. First, Meritan and the Pension Plan concede that their state common law claims and TCPA claims are preempted by ERISA.[2] However, Plaintiff Generus was not an ERISA plan and had no ERISA-governed relationship with Defendant. As a result, Generus's state law claims should survive Defendant's Motion and any limit on Generus' right to a jury or an award of damages foreclosed by ERISA is inapposite. With respect to Meritan and the Pension Plan, Plaintiffs argue that the Sixth Circuit has not resolved the question of whether a plaintiff has a right to a jury for breach of fiduciary duty claims made pursuant to 29 U.S.C. §502(a)(2) of ERISA. In this case, Plaintiffs argue that they are entitled to a jury because the relief sought is legal rather than equitable in nature. If nothing else, Plaintiffs argue that they have the right to trial by jury for

---

[2] Plaintiffs condition their concession on Defendant's continued admission that it acted as an ERISA fiduciary with respect to Meritan and the Pension Plan. Should Defendant later contest that ERISA applies, Plaintiffs reserve their right to withdraw their concession, to withdraw their First Amended Complaint, and to contest federal jurisdiction. In light of their concession and the standard for testing a pleading under Rule 12(b)(6), the Court does not reach the issue of whether Defendant was a fiduciary for purposes of ERISA or the ultimate issue of whether ERISA governs this case.

the Tennessee Securities Act claims. While Defendant argues that Plaintiffs cannot recover compensatory damages pursuant to ERISA § 502(a), Plaintiffs point out that their claim for compensatory damages is made pursuant to ERISA § 409. Plaintiffs contend that the authority cited by Defendant held that a beneficiary may not recover compensatory or punitive damages under ERISA. However, the Supreme Court and the Sixth Circuit has never ruled that a plan cannot recover such damages. Plaintiffs acknowledge that there is little support for permitting punitive damages but also argue that the legal and not equitable nature of their claims should at least allow for the possibility of recovering punitive damages.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[3] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[4] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[5] "The Federal Rules of Civil

---

[3] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[4] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[5] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[6]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[7] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the intended scope of *Twombly*.[8] Consequently, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[9] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[10]

## ANALYSIS

---

[6] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[7] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

[8] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[9] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[10] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

I.      *Counts I through IV*

Due to Plaintiffs' Meritan and the Pension Plan concession that their state common law claims and TCPA claims are preempted by ERISA, these claims with respect to Meritan and the Pension Plan are dismissed.

However, the Court finds that the same state law claims are available to Generus. According to the Amended Complaint, Generus has not alleged any claims pursuant to ERISA. Count VI, the ERISA count, specifically states that "Plaintiffs Meritan, Inc. and Pension Plan assert the following claims against defendant under the Employee Retirement Income Act of 1974 ("ERISA")." Am. Compl. ¶ 47. It is clear then that Generus did not join in this claim, and so ERISA would not preempt any other claims stated by Generus in the Amended Complaint. Therefore, Generus' claims as to Counts I through IV must survive Defendant's Motion. Defendant does state in its Memorandum that "Generus Stepping Stones, Inc. is a related company to Meritan, and upon information and belief, their employees participate in the Plan." Def.'s Memo. in Support, Mot. Dismiss, 1. However, under the standard of review for Rule 12(b)(6), the Court accepts the allegations of the complaint as true. Because the Amended Complaint is silent as to whether Generus employees participate in the Pension Plan, the Court holds that Generus has stated its state common law and TCPA claims. Likewise, Defendant's argument that trial by jury and certain damages are unavailable under ERISA does not apply to Generus. Therefore, Defendant's Motion to Dismiss is denied with respect to Generus.

## II. *Right to Extracontractual, Compensatory, and/or Punitive Damages*

Next the Court must decide whether Meritan and the Pension Plan may recover extra-contractual, compensatory, or punitive damages should they prevail on their ERISA claims. As a matter of pleading, the Court notes that Plaintiffs' Amended Complaint specifically sought punitive damages only for their common law allegations of misrepresentation and breach of fiduciary duty. Am. Compl. ¶¶ 26, 31. Notably, the Amended Complaint sought only recovery for the alleged ERISA violations "for all losses sustained by Meritan and Pension Plan and for other appropriate remedial or equitable relief, including interest, attorney's fees, and litigation expenses." *Id*. at ¶ 50. Therefore, as a matter of law, Plaintiffs have not claimed punitive damages under ERISA with sufficient particularity.

Even if Plaintiffs' pleadings had specifically sought punitive damages for violation of ERISA, the Court holds that punitive damages are not available for breach of fiduciary duty pursuant to ERISA § 409. ERISA § 409(a) provides that anyone who breaches a fiduciary duty to a plan

> shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.[11]

Plaintiffs correctly point out that the Supreme Court in *Russell* declined to address the issue of whether a plan might recover compensatory or punitive damages pursuant to ERISA 409(a). The Supreme Court stated, "we do not reach any question concerning the extent to which § 409 may

---

[11] ERISA § 409(a), 29 U.S.C. § 1109(a) (emphasis added).

9

authorize recovery of extracontractual, compensatory or punitive damages from a fiduciary by a *plan*" (emphasis in original).[12] Where ERISA § 409 refers to "other equitable or remedial relief," the Supreme Court has ruled since *Russell* that "equitable relief" as that term is used in other ERISA provisions does not include punitive damages.[13] Additionally, the Sixth Circuit has ruled that ERISA's preemption of state common law generally precludes the recovery of punitive damages specifically.[14] While it is true that the *Davis* court was considering an individual beneficiary's claim for punitive damages under ERISA § 502(a)(2), the reasoning the Sixth Circuit adopted applied to ERISA generally, suggesting that ERISA preempted all claims for punitive damages by a beneficiary, a plan, or fiduciary.[15]

Although neither the Supreme Court nor the Sixth Circuit has ever addressed a plan's right to recover punitive damages under § 409 specifically, the Fifth Circuit has ruled that ERISA § 409 does not permit a plan to recover punitive damages for breach of fiduciary duty.[16]

---

[12] *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 3091 (1985).

[13] *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) (construing § 1132(a)(3)). *See also Allinder v. Inter-City Products Corp. (USA)*, 152 F.3d 544, 552 (6th Cir. 1998).

[14] *Davis By and Through Farmers Bank and Capital Trust Co. of Frankfort, Ky. v. Ky. Finance Co. Ret. Plan*, 887 F.2d 689, 696 (6th Cir. 1989); *cert. denied* 495 U.S. 905, 110 S.Ct. 1924, 109 L.Ed.2d 288 (1990). *See also Thomas v. Allen-Stone Boxes*, *Inc.*, 925 F. Supp. 1316, 1321 (W.D. Tenn. 1995).

[15] *Id*. ("this court in *Varhola* explicitly relied on the Supreme Court's decision in *Dedeaux,* reasoning that punitive damages are based on state law and thus also are preempted by ERISA").

[16] *Sommers Drug Stores Co. Employee Profit Sharing Trust v. Corrigan Enter., Inc.*, 793 F.2d 1456, 1463-64 (5th Cir. 1986); *cert. denied* 479 U.S. 1034, 107 S.Ct. 884, 93 L.Ed.2d 837 (1987).

In *Sommers*, the Fifth Circuit set forth a comprehensive analysis of ERISA § 409, which this Court finds persuasive. The *Sommers* court concluded that "[p]unitive damages do not fall within the broad category of 'equitable or remedial' relief [available under § 409]; rather than restoring the plaintiff's losses and protecting him from future harm, punitive damages are designed to punish the wrongdoer and deter others from similar misconduct."[17] The Fifth Circuit found support for this interpretation in ERISA's legislative history and Congress' intent to import into ERISA principles from the law of trusts.[18] The *Sommers* court cited several authorities including the Restatement (Second) of Trusts for the proposition that "trustees generally are not liable for punitive damages for breach of fiduciary duty."[19] Additionally, the Fifth Circuit noted the correspondence between the remedies set forth in Restatement (Second) § 205(a) & (b) and ERISA § 409(a).[20] The Fifth Circuit concluded that Congress did not intend the recovery of punitive damages for breach of fiduciary duty under ERISA § 409.

---

[17] *Id*. at 1463. The Fifth Circuit cited several cases for examples of what was properly considered "equitable and remedial relief." *Gilliam v. Edwards,* 492 F. Supp. 1255, 1267 (D.N.J. 1980) (recission); *Katsaros v. Cody,* 744 F.2d 270, 281 (2d Cir.), (removal of the trustee) *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *Marshall v. Snyder,* 572 F.2d 894, 901 (2d Cir.1978) (appointment of a receiver).

[18] *Sommers*, 793 F.2d at 1463 (citing H.Rep. No. 533, 93d Cong., 1st Sess. (1973), *reprinted in* 1974 U.S.Code Cong. & Ad.News 4639, 4649, 4651; S.Rep. No. 127, 93d Cong., 1st Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4838, 4865, 4869; 120 Cong.Rec. 29,928, 29,932 (1974) (statement by Sen. Harrison Williams introducing conference report), *reprinted in* 1974 U.S.Code Cong. & Ad.News 5177, 5186)).

[19] *Sommers*, 793 F.2d at 1463 (citations omitted).

[20] *Id*.

While never addressing the same issue presented in *Sommers*, the Sixth Circuit has cited the *Sommers* decision with approval on more than one occasion. The Sixth Circuit has held that punitive damages were not available to an individual beneficiary under ERISA § 502(a)(3) and observed generally that the United States Supreme Court "treats the statutory scheme of ERISA as one which does not intend to provide for punitive damages."[21] In reaching this conclusion, the Sixth Circuit relied on the Fifth Circuit's reasoning in *Sommers* that ERISA had imported the law of trusts.[22] The Sixth Circuit further cited *Sommers* with approval in the *Davis* decision discussed above.[23] At least one other Circuit Court of Appeals has adopted the *Sommers* rule as well.[24] Therefore, consistent with Sixth Circuit precedent and the reasoning set forth in *Sommers*, this Court holds that extracontractual, compensatory or punitive damages are not available to a plan alleging a breach of fiduciary duty under ERISA § 409.

## III.    Right to Trial by Jury

Finally, Defendant argues that the Court should strike Plaintiffs' demand for a jury trial pursuant to ERISA. Having already determined that Plaintiff Generus has not stated any ERISA claims, any demand for jury made on behalf of Generus appears to be proper. Therefore, Defendant's Motion is denied as to Plaintiff Generus.

---

[21] *Varhola v. Doe*, 820 F.2d 809, 817 (6th Cir. 1987). The Supreme Court eventually resolved the question with respect to ERISA § 502(a)(3) in the manner the *Varhola* court had predicted. *See Mertens v. Hewitt Assoc.,* 508 U.S. 248, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993)

[22] *Varhola*, 820 F.2d at 817 ("As the *Sommers* court noted, punitive damages ordinarily are not available under trust law in an action for a breach of a trustee's fiduciary duty").

[23] *Davis*, 887 F.2d at 696 (holding that ERISA preempts all state law including the remedy of punitive damages).

[24] *Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885, 888 (10th Cir. 1988).

With respect to Mertian and the Pension Plan, the Court holds that these Plaintiffs are not entitled to a jury trial on their ERISA claims.[25]  Plaintiffs concede that the Sixth Circuit has denied jury trials to beneficiaries seeking the recovery of benefits.[26]  However, the Sixth Circuit has never addressed the issue presented here, namely, whether a plan has the right to a jury trial for breach of fiduciary duty pursuant to ERISA § 409.  In the context of ERISA, the Sixth Circuit analyzes the demand for a jury in light of the type of relief sought.[27]  A plaintiff seeking a legal remedy is traditionally entitled to a jury; whereas, a plaintiff seeking an equitable remedy will not be granted a jury.  In making this determination, the Court should consider the following factors: (1) the custom for determining whether the action would have been deemed legal or equitable in 18th century England prior to the merger of law and equity; (2) the nature of the remedy sought whether it is legal or equitable; and (3) the practical abilities and limitations of juries.[28]  The Sixth Circuit has emphasized the importance of the second factor in particular.[29]

---

[25] *Thomas*, 925 F. Supp. at 1320-21.  *See also Ingram v. Metlife Disability Ins.*,2003 WL 22005015, *1 (W.D. Tenn. 2003) (citing *Sprague v. Gen. Motors Corp.,* 133 F.3d 388, 406 (6th Cir.1998) for the proposition there exists no right to jury trial on ERISA claims including claims for breach of fiduciary duty).

[26] *E.g. Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 616 (6th Cir. 1998); *Bittinger v. Tecumseh Prod. Co.,* 123 F.3d 877, 882-83 (6th Cir.1997); *Bair v. Gen. Motors Corp.,* 895 F.2d 1094, 1096 (6th Cir.1990); *Daniel v. Eaton Corp.*, 839 F.2d 263, 268 (6th Cir. 1988).

[27] *Bair*, 895 F.2d at 1097.

[28] *Id.* (citing *United Transp. Union, Local 74 v. Consol. Rail Corp.*, 881 F.2d 282, 286 (6th Cir.1989)).  *Accord Granfinaciera, S.A. v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

[29] *Bair*, 895 F.2d at 1097.

Where "a party seeks solely injunctive relief ..., the relief sought is equitable and there is no right to a trial by jury."[30]

Applying these principles to the case at bar, it is clear that Plaintiffs' breach of fiduciary duty claims sound in equity and the remedies sought are equitable in nature. As a result, Plaintiffs are not entitled to a jury trial on their ERISA claims. By custom, claims against a fidcuciary have been deemed equitable. "[I]n colonial times, the English High Court of Chancery had exclusive jurisdiction over trusts."[31] The Supreme Court has likewise acknowledged that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust."[32] Thus, the first factor would weigh against granting Plaintiffs a jury trial. As for the second factor, the remedy Plaintiffs seek, it is well settled that " the remedies of the beneficiary against the trustee are exclusively equitable" including actions to remedy a breach of trust by payment into the trust estate of any loss resulting from the breach of trust.[33] The majority of federal courts including courts in this Circuit have held "that suits under section 502(a)(2) of ERISA against fiduciaries brought on behalf of the plan are equitable in both nature and remedy and do not give rise to the right to trial

---

[30] *Id.*

[31] *Evans v. Pearson Enter.,* 434 F.3d 839, 849 (6th Cir.2006). *See also Ellis v. Rycenga Homes, Inc.*, 2007 WL 1032367, *2 (W.D. Mich. 2007) (analyzing a plan's breach of fiduciary duty claim under ERISA § 409 and demand for jury).

[32] *Mertens v. Hewitt Assoc.,* 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993).

[33] Restatement (2d) of Trusts §§ 197, 205 (1959).

by jury, even when the remedy sought is an award of money."[34] The Court holds that Meritan and the Pension Plan's claims are essentially equitable and are not suitable for a jury trial. Thus, Defendant's Motion to Dismiss is granted in this regard.

## CONCLUSION

Having found that Plaintiff Generus has not stated an ERISA claim against Defendant, the Court holds that Generus' state common law claims including its demand for punitive damages and a jury trial have not been preempted. As a result, Defendant's Motion as to Generus is denied. However, Plaintiffs Meritan and the Pension Plan have stated an ERISA claim against Defendant, and, by concession, agreed that their state common law claims and TCPA claims are preempted by ERISA. The Court holds that Plaintiffs are not entitled to the recovery of punitive damages or a trial by jury for their ERISA claims. Defendant's Motion as to Meritan and the Pension Plan is granted. Therefore, Defendant's Motion to Dismiss is **GRANTED IN PART, DENIED IN PART**.

    **IT IS SO ORDERED.**        s/ S. Thomas Anderson
                                          S. THOMAS ANDERSON
                                          UNITED STATES DISTRICT JUDGE

                                          Date: July 16th, 2009.

---

[34] *Ellis*, 2007 WL 1032367 at *3 (citing *Phelps v. CT Enter.,* 394 F.3d 213, 222 (4th Cir.2005); *Borst v. Chevron Corp.,* 36 F.3d 1308, 1323-24 (5th Cir.1994); *Termini v. Life Ins. Co. of N. Am.,* 474 F.Supp.2d 775, 2007 WL 515408 (E.D.Va. 2007); *Vargas v. Child Dev. Council of Franklin County, Inc.,* 269 F.Supp.2d 954, 957 (S.D. Ohio 2003); *Cherepensky v. Sears, Roebuck & Co.,* 455 F.Supp.2d 470, 476 (D.S.C. 2006); *Camp v. Pac. Fin. Group,* 956 F.Supp. 1541, 1552 (C.D. Cal. 1997); *Broadnax Mills, Inc. v. Blue Cross & Blue Shield of Va.,* 876 F.Supp. 809, 815-17 (E.D. Va.1995); *Miner v. Community Mut. Ins. Co.,* 778 F.Supp. 402 (S.D. Ohio 1991)).